UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-60212-CIV-ROSENBERG/BRANNON

ELEPHANT GROUP INC.,

    Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, P.A.,
AIG PROPERTY CASUALTY COMPANY;
and AMERICAN INTERNATIONAL GROUP, INC.,

    Defendants.
_____/

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND PLAINTIFF'S COMPLAINT TO ADD A PARTY DEFENDANT; ADD CLAIMS FOR BREACH OF FIDUCIARY DUTY AND BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING AND TO DROP PARTY DEFENDANT, AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, ELEPHANT GROUP INC. ("Plaintiff" or "Elephant Group"), by and through undersigned counsel, and pursuant to Rules 15(a), 20 and 21 of the Federal Rules of Civil Procedure, hereby requests leave of Court to add Defendant, AIG CLAIMS, INC., f/k/a CHARTIS CLAIMS, INC. ("AIG Claims") as a party defendant; to add claims for breach of fiduciary duty and breach of implied covenant of good faith and fair dealing; and to drop Defendant, AIG PROPERTY CASUALTY COMPANY ("AIGPCC"), as a party defendant, and states:

    1.    Plaintiff originally filed an action in the Seventeenth Judicial Circuit in Broward County, Florida, on or about December 13, 2016 against Defendants, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, P.A. ("National Union"); AIG PROPERTY CASUALTY COMPANY f/k/a CHARTIS CASUALTY COMPANY ("AIGPCC"); and AMERICAN INTERNATIONAL GROUP, INC. f/k/a CHARTIS, INC. ("AIG, Inc.") (collectively referred to as "AIG" or "Defendants"), for damages in excess of $11,500,000.00

(eleven million five hundred thousand dollars), plus punitive damages of up to five times that amount, for breach of contract, for bad faith for the defendants' reckless handling and wrongful denial of the insurance claim that resulted in an $11,500,000.00 judgment being entered; and for Declaratory Relief pursuant to Chapter 86 and the Uniform Declaratory Judgment Act of New Jersey, N.J.S.A. 2A:16-50, *et seq.* (the "State Court Action").

2.  The State Court Action was removed to this Court on January 26, 2017. [D.E. 1].

3.  On February 16, 2017, Defendants filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) seeking dismissal of various portions of the Complaint for failure to state a claim and for lack of personal jurisdiction. [D.E. 9].

4.  In Defendants' Motion to Dismiss Plaintiff's Complaint and Corporate Disclosure Statement, Defendants assert that National Union is a wholly-owned subsidiary of AIG Property Casualty U.S., Inc., which is a wholly-owned subsidiary of AIG Property Casualty, Inc., which is a wholly-owned subsidiary of AIUH, LLC, which is a wholly-owned subsidiary of American International Group, Inc. ("AIG, Inc."). *See* Corporate Disclosure Statement [D.E. 5]. AIGPCC is not a parent of National Union; rather, it is a separate, indirect subsidiary. [D.E. 9 at fn. 1].

5.  Therefore, to the extent that National Union's parent corporation, AIG, Inc., is already a named defendant in this action, Plaintiff seeks leave of this Court pursuant to Rule 21 of the Federal Rules of Civil Procedure to amend its complaint to drop **only** AIG Property Casualty Company ("AIGPCC") as a party defendant from this action without prejudice. *See* Rule 21 of the Federal Rules of Civil Procedure.

6.  Additionally, Plaintiff seeks leave of this Court to amend its complaint to add AIG Claims, Inc. f/k/a Chartis Claims, Inc. ("AIG Claims") as a party defendant pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. AIG Claims (as part of what the Defendants called the

"Chartis companies") either on its own or through other Chartis/AIG companies may have engaged in various marketing activities, negotiated and sold the insurance policy to Elephant Group, engaged in extensive communications with Elephant Group relating to the insurance, among other things, and also identified itself as the "authorized representative for National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"). As permitted by law, Plaintiff seeks to plead alternative cause of action breach of fiduciary duty (which would be applicable should the Defendants contend and the Court agree that either or both AIG defendants are not a party to the insurance contract). Plaintiff also seeks to add a cause of action for breach of implied covenant of good faith and fair dealing against all defendants.

7. There will be no demonstrable prejudice to defendants in allowing the proposed amendments to the complaint as they arise from the same transaction or occurrence as the original complaint and this Court's Scheduling Order and Order Referring Case to Mediation specifically allows for the amendment of pleadings and the joinder of additional parties through April 21, 2017. *See* Rule 15(a) of the Federal Rules of Civil Procedure; *see also* Scheduling Order and Order Referring Case to Mediation [D.E. 16]. The Court should freely give leave when justice so requires. Here, Plaintiff has not previously sought to amend its complaint and, therefore, this Court should grant Plaintiff's request for leave to amend its complaint.

8. Plaintiff is attaching a copy of the proposed First Amended Complaint to this Motion for Leave to Amend Complaint as Exhibit **"A"** and requests that this Court enter an order granting this Motion, and to deem the First Amended Complaint as filed on the date of such order. Prior to filing the instant Motion for Leave to Amend Complaint, Plaintiff's counsel conferred with Defendants' counsel in a good faith effort to resolve the issues raised in the Motion, and has secured agreement to permit the dropping of AIG Property Casualty Company ("AIGPCC") as a

party defendant, but they have lodged objection to the other portions of this Motion. *See Local Rule* 7.1(a)(3) of the United States District Court for the Southern District of Florida and required certification (included below).

WHEREFORE, Plaintiff, ELEPHANT GROUP, INC., respectfully requests that this Court enter an order granting Plaintiff's Motion for Leave to Amend Complaint to add AIG CLAIMS, INC. f/k/a CHARTIS CLAIMS, INC., as a party defendant; to add claims for Breach of Fiduciary Duty and Breach of Implied Covenant of Good Faith and Fair Dealing and to drop Defendant, AIG PROPERTY CASUALTY COMPANY, and deeming the proposed First Amended Complaint attached hereto as Exhibit **"A"** to be deemed filed as of the date of entry of this Court's Order and for such other and further relief as this Court deems appropriate under the circumstances.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO AMEND PLAINTIFF'S COMPLAINT

A. **Because the proposed amendments otherwise meet the requirements of Rule 15(a) and Rules 20 and 21 of the Federal Rules of Civil Procedure and are otherwise timely requested, this Court should allow Plaintiff leave to amend its Complaint to add Defendant, AIG Claims, Inc. f/k/a Chartis Claims, Inc., as well as the Plaintiff's alternative cause of action against Defendants, AIG, Inc. and AIG Claims, Inc. for breach of fiduciary duty and an additional cause of action against all defendants for breach of an implied covenant of good faith and fair dealing.**

With respect to amendments to pleadings before trial, Rule 15(a)(2) of the Federal Rules of Civil Procedure provides:

**(a) Amendments Before Trial.**

**(1)** *Amending as a Matter of Course*.  A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

>> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier.
>
> **(2) *Other Amendments*.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires**. . .

*See* Rule 15 of the Federal Rules of Civil Procedure (emphasis added).  Here, the original Complaint was filed in the State Court Action on December 13, 2016.  The Defendants removed this State Court Action to this Court on January 26, 2017. [D.E. 1].  After removal of the State Court Action, Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on February 16, 2017.  [D.E. 9].   Accordingly, Plaintiff moves this Court for leave to amend its original complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires."  Because of the liberal policy allowing amendments embodied in Rule 15(a), "a court should deny leave to amend a pleading only when: (1) the amendment would be prejudicial to the opposing party; (2) there has been bad faith or undue delay on the part of the moving party; or (3) the amendment would be futile." *See Farrell v. Florida Republicans*, 2013 WL 4494309 at *2 (M.D. Fla. 2013); *Taylor v. Florida State Fair Authority,* 875 F. Supp. 812, 814 (M.D.Fla.1995) (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)); *and Calio v. Sofa Express, Inc.*, 368 F. Supp. 1290, 1291 (M.D. Fla. 2005).

In this instance, the proposed amendments to the complaint would not be prejudicial to defendants as they arise from the same transaction or occurrence as the original complaint. Moreover, there has not been undue delay on the part of the Plaintiff in seeking these proposed amendments to the complaint as this Court's Scheduling Order and Order Referring Case to

Mediation specifically allows for the amendment of pleadings and the joinder of additional parties through April 21, 2017. Plaintiff has not previously sought leave to amend its complaint, nor has there been bad faith or undue delay on the part of the Plaintiff in seeking to amend its complaint. Finally, the proposed amendments to the complaint would not be futile as Plaintiff's proposed First Amended Complaint asserts viable causes of action against the named defendants.

In addition to satisfying the requirements of Rule 15 of the Federal Rules of Civil Procedure, Plaintiff has satisfied the requirements of Rules 20 and 21 of the Federal Rules of Civil Procedure.

Rule 21 provides in pertinent part that parties may be dropped or added by order of the court, on motion of any party or of its own initiative, at any stage of the action and such terms as are just. *See* Rule 21 of the Federal Rules of Civil Procedure.

Rule 20(a)(1) further provides that persons may be joined in one action as defendants, if

(A) any right to relief asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

*See* Rule 20(a)(2) of the Federal Rules of Civil Procedure.

In determining what constitutes a transaction or occurrence for the purposes of Rule 20(a), courts have applied the "logical relationship" test:

> In determining whether claims arise from the same transaction or occurrence, or series of transactions or occurrences, courts in the Eleventh Circuit apply the "logical relationship" test. *See Smith v. Trans–Siberian Orchestra,* 728 F.Supp.2d 1315, 1319 (M.D.Fla.2010) (citing *Republic Health Corp. v. Lifemark Hosps. of Fla.,* 755 F.2d 1453, 1455 (11th Cir.1985)). "Under this test, a logical relationship exists if the claims rest on the same set of facts or the facts, on which one claim rests, activate additional legal rights supporting the other claim." *Id.* (citing *Republic Health,* 755 F.2d at 1455). In other words, "there is a logical relationship when 'the same operative facts serve as the basis of both claims.' " *Republic Health,* 755 F.2d at 1455 (quoting *Plant v. Blazer Fin. Servs., Inc.,* 598 F.2d 1357, 1361

(5th Cir.1979)). "[O]nly claims that do not arise from common operative facts are not logically related." *Montgomery Ward Dev. Corp. v. Juster*, 932 F.2d 1378, 1381 n. 1 (11th Cir.1991). The "logical" relationship standard is a "loose" one "which permits a broad realistic interpretation in the interest of avoiding a multiplicity of suits." *Plant,* 598 F.2d at 1361 (internal quotations omitted).

*Malibu Media, LLC v. Does 1-28*, 295 F.R.D. 527, 531 (M.D. Fla. 2012).  Courts have also looked for similar guidance through Rule 13(a). *See, e.g., Smith v. Trans-Siberian Orchestra*, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010) [citing numerous cases]. Joinder is "strongly encouraged" and the rules are construed generously towards "entertaining the broadest possible scope of action consistent with fairness to the parties." *United Mine Workers v. Gibbs,* 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

   Defendant AIG Claims is both a necessary and proper defendant under Rule 20(a)(2) and Rule 21 of the Federal Rules of Civil Procedure.  Plaintiff has generally asserted a common set of factual allegations and seeks relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences against Defendant, AIG Claims, as against the other defendants in this action.  Moreover, any question of law and fact common to all defendants will arise in this action (as also reflected in the proposed First Amended Complaint).  Accordingly, this Court should allow Plaintiff to add Defendant, AIG Claims, as a party defendant in this action.  *Accord Smith v. Trans-Siberian Orchestra*, 728 F. Supp. 2d 1315 (M.D. Fla. 2010) (Joinder of online studio to action brought by artist against studio owner and orchestra, alleging copyright infringement as to artist's protected guitar image, would be proper under federal rules, since putative claims against studio were related to infringement claims against other defendants, and logical relationship existed between those claims); *Potts v. B & R, LLC*, No. 8:13–cv–2896–T–27TGW, 2014 WL 1612364, *4 (M.D. Fla., April 21, 2014) ("There is a logical relationship between Plaintiffs' claims and at least some question of law of fact common to both

plaintiffs. Accordingly, joinder at this stage is proper."); *Moore v. Comfed Savings Bank*, 908 F.2d 834, 839 (11th Cir. 1990) (allowing plaintiff to join multiple unconnected defendant banks who had all re-purchased loans alleged to be usurious from a single originating bank by the name of Land Bank, stating "[h]ere, it is plain from the record that all of these transactions arose out of a series of transactions or occurrences initiated by Land Bank and that all the claims involved the same question of law and fact.").[1] Plaintiff also seeks approval to assert an additional claim for breach of fiduciary duty against AIG, Inc. and AIG Claims and for breach of an implied covenant of good faith and fair dealing against all defendants.

**B. This Court should allow Plaintiff to drop Defendant, AIG Property Casualty Company because Rule 21 of the Federal Rules of Civil Procedure allows the Court to add or drop a party on its own at any time on just terms.**

Rule 21 of the Federal Rules of Civil Procedure provides that a court may drop a party on motion of any party or on its own at any times on just terms. *See* Rule 21 of the Federal Rules of Civil Procedure ("Parties may be dropped or added by Order of the Court on Motion of any Party or of its own initiative at any stage of the action and on such terms as are just."). As explained and

---

[1] Indeed, the purpose of Rule 20(a) is "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." 7 C.A.Wright, A. Miller & M. Kane *Federal Practice & Procedure* § 1652 (3d Ed. 2001); *see also U.S. ex rel. Finks v. Huda*, 205 F.R.D. 225, 228 (S.D. Ill. 2001). For this reason, the provisions of Rule 20 "are to be read as broadly as possible whenever doing so is likely to promote judicial economy." 7 C.A.Wright, A. Miller & M. Kane *Federal Practice & Procedure* § 1653. *See also Matthews Metal Products, Inc. v. RBM Precision Metal Products, Inc.*, 186 F.R.D. 581, 583 (N.D. Cal. 1999) (the requirements of Rule 20(a) are construed liberally to promote the broadest scope of action consistent with fairness to the parties); *DirecTV, Inc. v. Barrett*, 220 F.R.D. 630, 631 (D. Kan. 2004) (joinder of parties is strongly encouraged). The second prong of Rule 20(a) requires only that there be some common question of law or fact as to all the plaintiffs' claims, not that all legal and factual issues be common to all the plaintiffs. 7 C.A. Wright, A. Miller & M. Kane *Federal Practice & Procedure* § 1653 (3d Ed. 2001) ("[R]ather, the rule permits party joinder whenever there will be at least one common question of law or fact"); *Disparte*, 223 F.R.D. at 10; *Jamison v. Purdue Pharma Co.*, 251 F.Supp.2d 1315, 1322 (S.D. Miss. 2003) (the focus is on whether there is any overlapping proof or a common legal question.). Joinder in this case is entirely appropriate and desirable.

more fully set forth in Defendants' Motion to Dismiss Plaintiff's Complaint and Corporate Disclosure Statement, Defendants assert that National Union is a wholly-owned subsidiary of AIG Property Casualty U.S., Inc., which is a wholly-owned subsidiary of AIG Property Casualty, Inc., which is a wholly-owned subsidiary of AIUH, LLC, which is a wholly-owned subsidiary of American International Group, Inc. ("AIG, Inc."). *See* Corporate Disclosure Statement [D.E. 5]. AIGPCC is not a parent of National Union; rather, it is a separate, indirect subsidiary. [D.E. 9 at fn. 1].

Therefore, to the extent that National Union's parent corporation, AIG, Inc., is already a named defendant in this action, Plaintiff seeks leave of this Court pursuant to Rule 21 of the Federal Rules of Civil Procedure to amend its complaint to drop **only** AIG Property Casualty Company ("AIGPCC") as a party defendant from this action without prejudice (to which Defendants agree). *See* Rule 21 of the Federal Rules of Civil Procedure. Assuming *arguendo* that this Court allows Plaintiff to file its proposed First Amended Complaint, the need to drop AIGPCC may be obviated by the proposed amendments to the complaint. *See Pretty Punch Shoppettes, Inc. v. Creative Wonders*, *Inc.*, 750 F. Supp. 487, 493 (M.D. Fla. 1990) ("Under Rule 15, Fed.R.Civ.P., parties may be added or dropped when an amendment is made to a complaint as a matter of course."). Nevertheless, in an abundance of caution, Plaintiff is seeking leave of court to drop AIGPCC as a party defendant without prejudice pursuant to Rule 21 of the Federal Rules of Civil Procedure.

### CERTIFICATION OF PLAINTIFF'S COUNSEL IN COMPLIANCE WITH LOCAL RULE 7.1(a)(3) OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

I HEREBY CERTIFY that as Plaintiff's counsel I have orally consulted with counsel representing all parties or non-parties who may be affected by the relief sought in the instant

Motion in a good faith effort to resolve the issues raised in the Motion and they have lodged their objection to all aspects of this Motion, excepting that they have no objection to the dropping of AIG Property Casualty Company ("AIGPCC") as a party defendant.

                By: s/Elizabeth Olivia Hueber, Esq,
Elizabeth Olivia Hueber, Esq,
Fla. Bar. No. 0073061
Scott A. Mager, Esq.
Fla. Bar No. 768502
Joe Poklemba, Esq.
Fla. Bar No. 059803
Mager Paruas, LLC
2719 Hollywood Blvd., 1st Floor
Hollywood, FL 33020
(954) 763-2800
Service@MagerParuas.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the following has been electronically filed with the Clerk of Court and all counsel of record by using the CM/ECF filing system on this 22nd day of March, 2017 to Jason P. Kairalla, Esq., Carlton Fields, Miami Tower, Suite 4200, 100 S.E. Second Street, Miami, Florida 33131, jkairalla@carltonfields.com, sbrodie@carltonfields.com, denriquez@carltonfields.com, Counsel for the Defendants.

Respectfully submitted,

By: s/Scott A. Mager, Esq.
Scott A. Mager, Esq.,
Bar No. 768502
Service@MagerParuas.com